JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JAN 11 1979

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE AIR CRASH DISASTER NEAR        )    DOCKET NO. 359
BOMBAY, INDIA ON JANUARY 1, 1978     )

OPINION AND ORDER
————————————

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD*,
EDWIN A. ROBSON, STANLEY A. WEIGEL, ANDREW A. CAFFREY,
AND ROY W. HARPER, JUDGES OF THE PANEL.

PER CURIAM

This litigation consists of 65 actions pending in

two districts:  63 in the Central District of California,

and two in the District of the District of Columbia.

These actions arose from the crash of an Air India

jumbo jet shortly after take-off from Santa Cruz Airport,

Bombay, India, on January 1, 1978.  The crash resulted

in the death of all persons aboard.  The Boeing Company

(Boeing), the manufacturer of the aircraft that crashed;

and Lear Siegler, Inc. (Lear), the manufacturer of instru-

ments that were component parts of the aircraft, are

the two, and only, defendants in each of the actions.

Plaintiffs in all the California actions are residents

of India, while the plaintiff in the two District of

Columbia actions is an American suing as administrator

on behalf of foreign domicilliaries.  In every action

recovery is sought against Boeing and Lear on theories

———————————————
* Judge Weinfeld did not participate in the decision
of this matter.

of negligence, strict liability and breach of warranty
regarding the design, manufacture, testing and sale of
the aircraft and its component parts.

Pursuant to 28 U.S.C. §1407(c)(i) and Rule 8, R.P.J.P.
M.L., 78 F.R.D. 561, 566-67 (1978), the Panel ordered
the parties to show cause why these actions should not
be transferred to a single district for coordinated or
consolidated pretrial proceedings.  All parties favor
transfer of the actions to a single district for centralized
pretrial proceedings under Section 1407. The only dispute
among the parties is over the selection of an appropriate
transferee forum.  Plaintiffs in the California actions
favor the Central District of California; plaintiff in
the District of Columbia actions favors the District
of the District of Columbia; and defendants Boeing and
Lear favor the Western District of Washington.

We find that these actions clearly involve common
questions of fact concerning the cause or causes of the
crash and that transfer of these actions to the Western
District of Washington under Section 1407 for coordinated
or consolidated pretrial proceedings will best serve
the convenience of the parties and witnesses and promote
the just and efficient conduct of the litigation.

Generally, we have transferred litigations arising
from aircraft disasters occurring within the continental
United States to the district of the situs of the crash.

See, e.g., In re Air Crash Disaster at John F. Kennedy
International Airport on June 24, 1975, 407 F. Supp.
244, 246 (J.P.M.L. 1976).  No general rule, however,
has yet emerged with respect to our selection of a transferee
forum in litigations involving overseas air disasters.
See, e.g., In re Air Crash Disaster at Taipei International
Airport on July 31, 1975, 433 F. Supp. 1120, 1121 (J.P.M.L.
1977).  In the matter now before us, plaintiffs in the
California actions urge the selection of the Central
District of California as the transferee district because
most of the actions in this litigation are already pending
there and because the judge assigned those actions has
had considerable past experience with air disaster liti-
gations.  Plaintiff in the District of Columbia actions
favors the District of the District of Columbia as the
transferee district because in that district are located
records and personnel of the National Transportation
Safety Board, which assisted the Indian government in
the investigation of the crash.

We are not persuaded by these arguments and, on
balance, find that the Western District of Washington
is the most appropriate transferee forum for this litigation.
Ordinarily we are reluctant to select as transferee forum
a district in which no related action is pending unless
appropriate circumstances exist warranting such a transfer.
See In re Sundstrand Data Control, Inc. Patent Litigation,

443 F. Supp. 1019, 1021 (J.P.M.L. 1978).  We conclude
that such circumstances are present in the litigation
now before us.

The Western District of Washington, among domestic
forums, has the most substantial connection to the common
factual questions raised in this litigation.  Boeing
is headquartered in that district, and the aircraft involved
in this crash was manufactured there.  As a result, Boeing's
documents and personnel relating to the design, manufacture
and testing of the aircraft are located there.  Moreover,
the Federal Aviation Administration's regional office
that has custody of the records relating to certification
of the aircraft is located there, and Boeing employees
who participated in the on-site investigation of the
accident can be found there.

By way of comparison, none of the districts in which
actions are pending offers a strong nexus to the common
factual questions in this litigation.  Although Lear's
main office is in California, Lear's division that manufac-
tured the relevant component parts for the aircraft is
located in Michigan.  On the basis of the record before
us, relatively little discovery of witnesses or documents
can be expected to be taken in either California or the
District of  Columbia.  Nor can pretrial proceedings
be characterized as far advanced in the Central District

of California or the District of the District of Columbia. In addition, none of the plaintiffs is a resident of California or the District of Columbia.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A be, and the same hereby are, transferred to the Western District of Washington and, with the consent of that court, assigned to the Honorable James M. Fitzgerald, sitting by designation pursuant to 28 U.S.C. §292(b), for coordinated or consolidated pretrial proceedings.

DOCKET NO. 359                    SCHEDULE A


## CENTRAL DISTRICT OF CALIFORNIA

P. V. Fathima, et al. v. The Boeing Co., et al.,
C.A. No. CV-78-1947-PH

Jameela Khalid, et al. v. The Boeing Co., et al.,
C.A. No. CV-1948-PH

Lata Vimal Kothari, et al. v. The Boeing Co., et al.,
C.A. No. CV-78-1949-PH

Niravathu Ommen Kunju Kunju, et al. v. The Boeing Co.,
et al., C.A. No. CV-78-1950-PH

Indirakumati Gangadharan, et al. v. The Boeing Co.,
et al., C.A. No. CV-78-1951-PH

K. Vergese, et al. v. The Boeing Co., et al.,
C.. No. CV-78-1952-PH

Koruthu Kochumman, et al. v. The Boeing Co., et al.,
C.A. No.CV-78-1953-PH

Vimla Kamalchand Kothari, et al. v. The Boeing Co.,
et al., C.A. No. CV-78-1954-PH

V.P. Aysha, et al. v. The Boeing Co., et al.,
C.A. No. CV-78-1955-PH

Esmail Jasdanwala v. The Boeing Co., et al.,
C.A. No. CV-78-1956-PH

T. T. Kadeeja, et al. v. The Boeing Co., et al.,
C.A. No. CV-78-1980-PH

Annamma Idichandi, et al. v. The Boeing Co., et al.,
C.A. No. CV-78-1982-PH

K. Nair Gopalapillai, et al. v. The Boeing Co., et
al., C.A. No. CV-78-1983-PH

C. P. Velayudhan, et al. v. The Boeing Co., et al.,
C.A. No. CV-78-1984-PH

Chona George, et al. v. The Boeing Co., et al.,
C.A. No., CV-78-1985-PH

Valerian Paul Rego, et al. v. The Boeing Co., et al.,
C.A. No. CV-78-2054-PH

DOCKET NO. 359                    SCHEDULE A        p. 2

Jameela Aboobacker, et al. v. The Boeing Co., et al.,
  C.A. No. CV-78-2055-PH

T. N. Chandramathi, et al. v. The Boeing Co., et al.,
  C.A. No. CV-78-2056-PH

M. Rajamai Amma, et al. v. The Boeing Co., et al.,
  C.A. No. CV-78-2057-PH

Thangamma Gopalkrishnan, et al. v. The Boeing Co.,
  et al., C.A. No. CV-78-2058-PH

Kamalakshi Babu, et al. v. The Boeing Co., et al.,
  C.A. No. CV-78-2059-PH

Rini Mathew, et al. v. The Boeing Co., et al.,
  C.A. No. CV-78-2060-PH

Koramandil Varky Mathi, et al. v. The Boeing Co., et
  al., C.A. No. CV-78-2061-PH

P. Beekutty Beevi, et al. v. The Boeing Co., et al.,
  C.A. No. CV-78-2062-PH

Abdulrahim Khan, et al. v. The Boeing Co., et al.,
  C.A. No. CV-78-2063-PH

V. Pathumay P. M. Abu, et al. v. The Boeing Co., et
  al., C.A. No. CV-78-2079-PH

P. Lalitha Gopalakrishnan, et al. v. The Boeing Co.,
  et al., C.A. No. CV-78-2080-PH

Grover Kaikushroo Irani, et al. v. The Boeing Co.,
  et al., C.A. No. CV-78-2081-PH

Karimbil Khadeeja Aboo, et al. v. The Boeing Co., et
  al., C.A. No. CV-78-2082-PH

Nadirshaw Jehangirja Dotiwalla, et al. v. The Boeing
  Co., et al., C.A. No.CV-78-2083-PH

K. A. Kadeeja, et al. v. The Boeing Co., et al.,
  C.A. No. CV-78-2129-PH

Eliya Raphael v. The Boeing Co., et al.,
  C.A. No. CV-78-2130-PH

N. B. Chandrika, et al. v. The Boeing Co., et al.,
  C.A. No. CV-78-2131-PH

DOCKET NO. 359                    SCHEDULE A      p. 3

Raphael Francis, et al. v. The Boeing Co., et al.,
C.A. No. CV-78-2132-PH

K. J. Joseph, et al. v. The Boeing Co.,
et al., C.A. No. CV-78-2133-PH

Banoo Mobinali Gahlot, et al. v. The Boeing Co., et
al., C.A. No. CV-78-2562-PH

V. R. Goury, et al. v. The Boeing Co., et al.,
C.A. No. CV-78-2563-PH

Ramchandra Raoji Kambli, et al. v. The Boeing Co.,
et al., C.A. No. CV-78-2564-PH

R. O. Zubaida, et al. v. The Boeing Co., et al.,
C.A. No. CV-78-2566-PH

N. Radhamani Amma, et al. v. The Boeing Co., et al.,
C.A. No. CV-78-2567-PH

Sorab Dinshaw Nargolwala, et al. v. The Boeing Co.,
et al., C.A. No. CV-78-2994-PH

Khusru Manchershah Kathok, et al. v. The Boeing Co.,
et al., C.A. No. CV-78-2995-PH

Mafalda Faria, et al. v. The Boeing Co., et al.,
C.A. No. CV-78-2997-PH

Framroze Darabshaw Paymaster, et al. v. The Boeing
Co., et al., C.A. No. CV-78-2998-PH

Minnie Nadirshah, et al. v. The Boeing Co., et al.,
C.A. No. CV-78-3000-PH

Mharookh Adil Dubash, et al. v. The Boeing Co., et
al., C.A. No. CV-78-3020-PH

Radhika Vivek Ajinkya, et al. v. The Boeing Co., et
al., C.A. No. CV-78-3021-PH

N. K. Raman Menon, et al. v. The Boeing Co., et al.,
C.A. No. CV-78-3243-PH

DOCKET NO. 359                    SCHEDULE A      p. 4


Gita Kali Kotwal v. The Boeing Co., et al.,
    C.A. No. CV-78-3244-PH

Amina Sheikh Abdullah v. The Boeing Co., et al.,
    C.A. No. CV-78-3256-PH

V. Sumathy, et al. v. The Boeing Co., et al.,
    C.A. No. CV-78-3426-PH

Pervis Avalur, et al. v. The Boeing Co., et al.,
    C.A. No. CV-78-3520-PH

K. C. Kuruvilla, et al. v. The Boeing Co., et al.,
    C.A. No. CV-78-3630-PH

Hyda George, et al. v. The Boeing Co., et al.,
    C.A. No. CV-78-3631-PH

Zahir H. Attari, et al. v. The Boeing Co., et al.,
    C.A. No. CV-78-3633-PH

A. P. M. Abdulla, et al. v. The Boeing Co., et al.,
    C.A. No. CV-78-3632-PH

N. Sarasamma, et al. v. The Boeing Co., et al.,
    C.A. No. CV-78-3634-PH

Abbas Tayebji Biviji, et al. v. The Boeing Co., et
    al., C.A. No. CV-78-3635-PH

Abbasbhai Gulamali Kapadia, et al. v. The Boeing Co.,
    et al., C.A. No. CV-78-3629-PH

P. K. Chandrashekhar, et al. v. The Boeing Co., et
    al., C.A. No. CV-78-3628-PH

Salim Jumma v. The Boeing Co., et al.,
    C.A. No. CV-78-3627-PH

P. A. Sulu v. The Boeing Co., et al.,
    C.A. No. CV-78-3626-PH

Makkai Mohammadunni, et al. v. The Boeing Co., et al.,
    C.A. No. CV-78-3625-PH

DOCKET NO. 359                    SCHEDULE A.     p. 5

## DISTRICT OF THE DISTRICT OF COLUMBIA

Edward M. Holland, etc.  v.  The Boeing Co., et al.,
   C.A. No. CV-78-1341

Edward M. Holland, etc.  v.  The Boeing Co., et al.,
   C.A. No. 78-1342